UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **MARY BELT, et ux** | **CIVIL ACTION NO. 06-0417** |
| **-vs-** | **JUDGE DRELL** |
| **WAL-MART STORES INC.,** *et al.* | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the Court is defendant, Wal-Mart's MOTION TO DISMISS, Doc. # **17**, referred to me by the district judge for Report and Recommendation. The motion has not been opposed by plaintiffs nor have plaintiffs, through counsel, advised the court that the motion is unopposed so as not to waste judicial resources.

## FACTUAL BACKGROUND

Plaintiff, Mary Belt alleges that she was a customer in the Marksville, Louisiana Wal-Mart store in January of 2005 when she slipped and fell in muddy water in the parking lot, suffering injuries. Plaintiffs filed suit in city court and the case was transferred to the 12th Judicial District Court, Avoyelles Parish, Louisiana. The petition alleges negligence on the part of Wal-Mart and Tim Loston (its manager at the time of the incident). Defendant Wal-Mart subsequently

removed the case to this Court pursuant to 28 U.S.C. § 1441. Defendant, Wal-Mart, has moved to dismiss defendant Loston, arguing he has been improperly joined (Doc. 17) without there being a reasonable possibility of recovery against him under Louisiana law.

## DISCUSSION

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); *Caterpillar v. Lewis*, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2635 (2005). Therefore, where one plaintiff and one defendant are from the same state, ordinarily federal courts have no jurisdiction under § 1332. However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the nondiverse parties have been improperly joined in the suit. "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state

court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendant, the store manager, Mr. Loston. Their burden of proof is a heavy one. See *Ross v. Citifinancial*, 344 F.3d 458, 463 (5th Cir. 2003); *Travis*, 326 F.3d at 648. Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s). *Id.* All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor. *Travis*, 326 F.3d at 648. Furthermore, the Fifth Circuit has cautioned against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law). "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the

plaintiff) to establish (the defendant's) liability at trial." *Id.* Plaintiffs are both citizens of Louisiana, while Wal-Mart is a foreign corporation. However, Mr. Loston also resides in Louisiana. His presence in the suit would destroy the complete diversity required by federal law.

Plaintiffs' complaint reveals no allegation that the store manager, Loston, actively caused any harm. Rather, it contains general accusations of failure to provide a safe place to shop, failure to notice potential danger and failure to warn shoppers.

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the nondiverse defendant. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir.) 1990. Under Louisiana law, a store manager or other employee may not be held liable for an invitee's injury on store premises unless four distinct criteria are satisfied. *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973); *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994). First, the employer must owe a duty of care to the third person, the breach of which has caused the damage for which recovery is sought. *Canter*, 283 So.2d at 721. Second, this duty is delegated by the employer to the

4

employee. *Id.* Third, the employee has breached this duty through personal fault, as contrasted with technical or vicarious fault. *Id.* Fourth, personal liability cannot be imposed upon the employee because of his general administrative responsibility for performance of some function of employment. *Id.* He must have a personal duty to the plaintiff, and the breach of that duty must have caused the plaintiff's damages. *Id.* Also, if the defendant's responsibility was delegated with due care to a subordinate, he is not liable unless he knew or should have known of the non-performance or mal-performance of the duty by the subordinate. *Id.*

In order to state a cause of action against Loston, then, it must be shown that Wal-Mart delegated its duty to him and that he personally breached that duty.

Wal-Mart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its passageways in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La. R.S. 9:2800.6. A review of plaintiffs' complaint reveals no allegations that Wal-Mart ever delegated any of its duties to protect the safety of the plaintiffs to the store manager.

Rather the manager's duties as alleged in the petition were general administrative duties.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss defendant Loston, which plaintiffs have not opposed, should be granted.

Therefore, IT IS RECOMMENDED that defendant's motion to dismiss (Doc. **17**) be GRANTED.

Alexandria, Louisiana, November 21, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE